# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| YONLI IBRAHIM, also known as, IBRAHIM YONLI, | ) ) | |
| Petitioner, | ) | 8:21CV185 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, by and through Alejandro Mayorkas, Secretary of Homeland Security; MICHAEL MYERS, Director of Douglas County Department of Corrections, | ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Respondents. | | |

This unusual matter is before the court on preliminary review of Petitioner's Petition for Writ of Habeas Corpus (Filing 1) brought pursuant to 28 U.S.C. § 2241.[1] The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claim is:

**Claim One**: The Petitioner has been and is being indefinitely confined in violation of the laws of the United States, particularly the Immigration and Nationality Act, the Fourth Amendment and the Due Process Clause of the Fifth Amendment to the Constitution of the United States and has been subjected to cruel and unusual punishment under the Eighth Amendment to the Constitution, all by virtue of overly long, continued, and unnecessary and unwarranted and illegal detention

---

[1] I have changed the named Respondents in accord with my understanding of the proper respondents in a case like this.

The court determines that this claim, when liberally construed, is potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits or any defenses or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition (Filing 1), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. The Clerk shall modify the docket sheet and show the above-named Respondents as the only Respondents. The Clerk shall mail copies of this Memorandum and Order to the United States Attorney for the District of Nebraska and the Douglas County, Attorney and shall also serve copies by CM/ECF.

3. By July 7, 2021, Respondents must file motions for summary judgment <u>or</u> records in support of their answers.

4. If Respondents elect to file motions for summary judgment, the following procedures must be followed by Respondents and Petitioner:

　　A. The motions for summary judgment must be accompanied by separate briefs, submitted at the time the motions are filed.

　　B. The motions for summary judgment must be supported by any records that are necessary to support the motions. Those records must be contained in a separate filing entitled: "Designation of Records in Support of Motion for Summary Judgment."

C. Copies of the motions for summary judgment, the designations, including records, and Respondents' briefs must be served on Petitioner except that Respondents are only required to provide Petitioner with a copy of the specific pages of the records that are cited in Respondents' motions and briefs. In the event that the designations of the records are deemed insufficient by Petitioner or Petitioner needs additional records from the designations, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motions for summary judgment, Petitioner must file and serve a brief in opposition to the motions for summary judgment. Petitioner may <u>not</u> submit other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondents may file and serve reply briefs. In the event that Respondents elect not to file reply briefs, they should inform the court by filing a notice stating that they will not file a reply brief and that their motion is therefore fully submitted for decision.

F. If the motion(s) for summary judgment is denied, Respondents must file answers, designations and briefs that comply with terms of this order. (See the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. Respondents are warned that failure to file answers, designations and briefs in a timely fashion may result in the imposition of sanctions, including Petitioner's release.

5. If Respondents file answers, the following procedures must be followed by Respondents and Petitioner:

A. By July 7,2021, Respondents must file all records that are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the Rules Governing Section 2254 Cases in the United States District Courts.[2] Those records must be contained in a separate filing entitled: "Designation of Records in Support of Answer."

B. No later than 30 days after the relevant records are filed, Respondents must file answers. The answers must be accompanied by separate briefs, submitted at the time the answers are filed. Both the answers and briefs must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust remedies, a procedural bar, non-retroactivity, a statute of limitations, or for some other reasons.

C. Copies of the answers, the designations, and Respondents' briefs must be served on Petitioner at the time they are filed with the court except that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated records that are cited in Respondents' answers and briefs. In the event that the designations of records are deemed insufficient by Petitioner or Petitioner needs additional records from the designations, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondents' briefs are filed, Petitioner must file and serve a brief in response. Petitioner must <u>not</u> submit any other documents unless directed to do so by the court.

---

[2]These rules also apply to § 2241 cases

E.  No later than 30 days after Petitioner's brief is filed, Respondents may file and serve reply briefs. In the event that Respondents elect not to file reply briefs, they should inform the court by filing a notice stating that the Respondents will not file reply briefs and that the merits of the petition are therefore fully submitted for decision.

6. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: On July 7, 2021, check to see whether motions for summary judgment have been filed or whether Respondents' have submitted records or answers.

7. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.

DATED this 1st day of June, 2021.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge